UNITED STEELWORKERS OF AMERICA, AFL–CIO, Petitioner,

Quality Rubber Manufacturing Company, Inc., Intervenor,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

United Steelworkers of America, AFL–CIO, Intervenor,

v.

QUALITY RUBBER MANUFACTURING COMPANY, Inc., Respondent.

Nos. 23551, 23709.

United States Court of Appeals, District of Columbia Circuit.

Submitted on Briefs June 24, 1970.

Decided July 10, 1970.

Petition for Rehearing, in No. 23351 Denied Aug. 24, 1970.

---

Mr. James D. English submitted on the brief for petitioner in No. 23,551 and intervenor in No. 23,709.

Mr. Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, and Dominick L. Manoli, Associate General Counsel, National Labor Relations Board, were on the brief, submitted on the brief for petitioner in No. 23,709 and respondent in No. 23,551.

Mr. Ivan D. Wright, Ironwood, Mich., submitted on the brief for respondent in No. 23,709 and intervenor in No. 23,551.

Before WRIGHT and MacKINNON, Circuit Judges, and DAVIS,* Judge, United States Court of Claims.

PER CURIAM:

These cases arise on a petition to review and an application to enforce an order of the National Labor Relations Board against the Quality Rubber Manufacturing Company.[1] The Board found that the company had violated Section 8 (a) (1) [2] of the National Labor Relations Act by coercively interrogating employees and by threatening more onerous conditions of employment and/or termination of operations at the plant if the plaint became unionized. It also found Section 8(a) (1) to have been violated when the company discharged three employees who had engaged in concerted activities for the purpose of mutual aid or protection, and that the company had violated Section 8(a) (3)[3] by discharging eight employees because of their membership in or activities on behalf of the union. Finally, the Board concluded that the company's refusal to bargain when presented with authorization cards from a majority of the employees in the unit violated Section 8(a) (5).[4] We enforce the order of the Board.

I

In this court the company contends that the trial examiner erred in making his factual conclusions about anti-union statements and activities of William Tersinar, the plant superintendent. While the testimony of the parties was often in direct conflict, after a careful review of the trial examiner's opinion and the record we find that the examiner's conclusions, which were adopted by the Board without significant alteration, are supported by substantial evidence and, therefore, must be affirmed. We cannot on this record upset the examiner's determinations as to the relative credibility of the witnesses.[5]

II

The union's petition attacks the sufficiency of the remedy ordered by the

---

\* Sitting by designation pursuant to 28 U.S.C. § 293(a) (1964).

1. 176 NLRB No. 7 (1969). The Board also issued a supplemental decision and order, 178 NLRB No. 117 (1969) ; *see* Note 7, *infra*.

2. 29 U.S.C. § 158(a) (1) (1964).

3. 29 U.S.C. § 158(a) (3) (1964).

4. 29 U.S.C. § 158(a) (5) (1964).

5. N.L.R.B. v. Pittsburgh Steamship Co., 337 U.S. 656, 69 S.Ct. 1283, 93 L.Ed. 1602 (1949).

Board. The Board ordered the company to cease and desist from all the named violations, and to refrain from "interfering with, restraining, or coercing its employees in the exercise of rights guaranteed to them by Section 7 of the Act." [6] The Board also ordered the company to bargain with the union upon request;[7] to reinstate the unlawfully discharged employees, with reimbursement for any loss of pay caused by the discharge; and to post appropriate notices in the plant.

The union requested the Board, and renews its requests in this court, (1) to order the employer to compensate employees for the benefits they would have received had the company not unlawfully refused to bargain—the so-called "make whole" remedy; (2) to mail the remedial notice to all employees; (3) to allow the union an opportunity to reply to the employer's coercive actions on company premises; and (4) to allow an NLRB representative to explain to the employees their rights under the Act.

■ We have often pointed out that we will ordinarily give deference to the expertise and experience of the Board in fashioning remedies,[8] and we see no abuse of the Board's discretion in this case. The union, however, points to a recent decision of this court, International Union of Electrical, Radio & Machine Workers v. N.L.R.B. [Tiidee Products], 138 U.S.App.D.C. 249, 426 F.2d 1243

(1970), in which we remanded a refusal to bargain case to the Board in order that the Board might determine whether it ought to order the "make whole" relief requested by the union.[9] However, we do not think a remand is necessary under the circumstances of this case.

■ There is no indication in the record presently before us that the company wished unnecessarily to delay the final outcome of this dispute. In *Tiidee Products,* on the other hand, the "position of the Company [was] palpably without merit with respect to its refusal to bargain." [10] In the instant case the legality of the company's refusal to bargain "rested on a [factually] debatable question," [11] that is, whether the dismissals, which took place *before* [12] the union's demand for recognition, were for work-related reasons, or to discourage union activities. While we have no doubt that the trial examiner properly determined the facts, there admittedly were great discrepancies between the various accounts of the events leading up to the dismissals. On this record we cannot say that the employer engaged in this litigation in order to delay the final resolution of the dispute. Instead it desired only to obtain an authoritative determination of the validity of the Board's decision. At no time in this action did the company raise the kind of spurious, "patently frivolous" [13] issues which were complained of

6. 176 NLRB No. 7, at 3.

7. After the Supreme Court's decision in N.L.R.B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), on its own motion the Board re-examined its finding of a § 8(a) (5) violation and the resulting order to bargain. After soliciting the views of the parties, the Board made findings which comport with the standards established by *Gissel* and reaffirmed the order to bargain. 178 NLRB No. 117 (1969).

8. *See, e. g.,* Amalgamated Clothing Workers of America v. N.L.R.B., 125 U.S. App.D.C. 275, 371 F.2d 740 (1966).

9. *See also* Food Store Employees Union, Local No. 347 v. N.L.R.B., U.S.App.D.C. (Nos. 22,318 and 22,414, decided May 4, 1970).

10. *Tiidee Products, supra,* 138 U.S.App.D. C. at 256, 426 F.2d at 1250.

11. *See id.,* 138 U.S.App.D.C. at 256, 426 F.2d at 1250.

12. One employee, Golembeski, was dismissed after the first union demand for recognition.

13. *Tiidee Products, supra,* 138 U.S.App. D.C. at 254, 426 F.2d 1248.

in *Tiidee Products*. The Board's order in this case was issued before our decision in *Tiidee Products*. Under the circumstances, we accept the Board's explanation for refusing to order the further relief requested by the union. We would expect additional remedies or more complete explication in similar situations in cases decided after *Tiidee Products*.

Since the Board's findings are supported by substantial evidence on the record considered as a whole, and since the Board did not abuse its discretion in determining the proper remedies, we enforce the Board's order and deny the union's petition for review.

So ordered.